**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

JOSE JOEL CALLES RIVERA,

Petitioner,

v.

WARDEN, ADELANTO DETENTION FACILITY, et al.,

Respondents.

No. 5:26-cv-04969-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Joel Calles Rivera filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 28, 2026. (ECF 1 (“Pet.”).) The Petition is fully briefed. (ECF 7 (“Answer”); ECF 9 (“Reply”).) For the reasons stated below, the Petition is **denied**.

## FACTUAL BACKGROUND

Petitioner is a noncitizen who is currently detained in the Desert View Detention Facility, within the Central District of California. (Pet. ¶ 13.) He last entered the United States without inspection in 2017. (Pet. ¶ 19.) Since then, he has lived with his partner and minor son, maintained stable employment, lived at a single address since 2021, paid taxes, and developed substantial religious and community ties. (Pet. ¶¶ 19-20.) He has no convictions, and his only contact

with law enforcement is a citation for driving without a valid license. (Pet. ¶ 21.) He also filed a request for asylum. (Pet. ¶ 24.) That request is still pending.

ICE arrested him during a routine traffic stop in Florida and transferred him to Adelanto. (Pet. ¶¶ 3, 21.) On August 19, 2026, Petitioner appeared before an IJ for a custody redetermination. (Pet. ¶ 26.) The IJ declined to order his release, finding Petitioner to be a flight risk. (Pet. ¶ 26.) The IJ's finding was premised on Petitioner's biographical facts: Petitioner entered without inspection, has worked without authorization since that date, his family also lacks status in the United States, he was arrested for driving without a license in 2019 and has continued to drive without a license since that date. (Pet. ¶ 27.) The IJ also found that Petitioner's proposed sponsor was deceptive concerning the nature of their relationship, and that his willingness to employ someone without lawful status was a negative factor. (Pet. ¶ 27.) Petitioner reserved the right to seek review of the IJ's bond decision but apparently has not yet perfected his bond appeal. (Pet. ¶ 43.)

Petitioner filed a counseled habeas petition arguing that his continued custody violates both § 1226(a) and due process (Pet. ¶¶ 31-41.) Respondents oppose that relief, arguing both that the claim in the Petition is not exhausted and that Petitioner asks nothing more than reweighing of evidence, and thus the claim not within this Court's jurisdiction. (Answer at 3-6.)

## ANALYSIS

### A. Exhaustion

Respondents argue that the Petition should be dismissed for failure to exhaust. (Answer at 4-6.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under §

2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

At the same time, courts "have discretion to waive a prudential [exhaustion] requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the Board of Immigration Appeals. Petitioner could have filed such an appeal when the decision was issued last month but did not. (ECF 1-1 at 3 (setting deadline for bond appeal).) Nevertheless, Petitioner urges the Court to excuse his failure to exhaust. He argues, first, that he would face irreparable injury because he is in detention, and exhaustion would extend that detention. (Pet. ¶ 43.) The same could be said of nearly everyone who files a § 2241 petition, and thus acceptance of that reasoning would tend to encourage deliberate bypass of the system Congress intended for review of bond decisions.

Contrary to Petitioner's claim (Reply at 4), *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) does not require a different result. There, the Ninth Circuit excused the noncitizen's failure to exhaust because the question presented was one of law alone: whether a noncitizen's financial circumstances should be taken into consideration in setting bond. That question was divorced from the factual circumstances of any individual noncitizen. *Id.* at 989.

Moreover, the court found that the agency's position on that question was firmly set. *Id.* For those reasons, the Court found that exhaustion was appropriately waived. *Id.* Having found that the merits of the claim favored the noncitizen, the Ninth Circuit reasoned that the district court had not abused its discretion in granting a preliminary injunction, because the class members were likely to succeed on the merits of their claim and their continued unconstitutional detention would result in irreparable injury. *Id.* at 994-95. That is the portion Petitioner cites here, but it is not the most germane portion of *Hernandez v. Sessions* to his exhaustion argument.

Second, Petitioner argues that the relevant record exists and the record would not be improved by pursuing appeal. (Pet. ¶ 42.) Petitioner's claims are, at bottom, arguments that the IJ erred when he concluded that detention was appropriate—either because he made a factual error concerning the nature of his sponsor or because the facts found do not support the IJ's flight risk finding. These contentions are ones that are appropriately heard by the BIA, 8 C.F.R. § 1003.19(f), and are in its wheelhouse. Permitting an agency to fix its own mistakes, like the factual one presented here, is one of the purposes of requiring prudential exhaustion. *Puga*, 488 F.3d at 815 And most of Petitioner's remaining arguments raise questions concerning the proper interpretation of BIA caselaw. (*See* Pet. ¶¶ 35-38.) The BIA is well-suited, institutionally, to decide whether an IJ has misapplied its precedents as to what constitutes risk of flight.

Weighing all these facts together, the Court concludes that exhaustion should not be excused here.

**B. Jurisdiction**

As an alternative basis, Respondents argue that the Court has no jurisdiction to review the IJ's bond decision. (Answer at 4.) It is true that Congress has placed limits on federal courts' review of bond determinations. 8

U.S.C. § 1226. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, Section 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (cleaned up).

Nevertheless, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. The Ninth Circuit has held, moreover, that an immigration court's determination that a noncitizen presents a danger is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Although what constitutes dangerousness "is malleable and involves agency discretion," dangerousness is "still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* (*quoting Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). While *Martinez* addressed dangerousness, there is no reason that risk of flight should be treated any differently; indeed, the Board of Immigration Appeals requires IJs to apply a single set of factors to bond suitability, which includes factors that go to both danger and whether the petitioner is likely to abscond. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Thus, while the Court lacks jurisdiction over purely discretionary questions, Congress has not entirely stripped this Court of jurisdiction concerning bond determinations.

With that rubric in mind, the Court must consider whether Petitioner has demonstrated that he is entitled to relief on a claim as to which the Court has jurisdiction. His argument concerning his bond determination are of two kinds. One claims alleges a factual error by the IJ concerning Petitioner's proffered sponsor. (Pet. ¶ 36.) Petitioner alleges that the "record" demonstrates that the

IJ misstated the record and acted arbitrarily (Pet. ¶ 36), but Petitioner puts nothing of that record before the Court, and as such, the Court is unable to evaluate the claim that the IJ acted arbitrarily in making his factual finding concerning the sponsor.

Beyond that, Petitioner's claim boils down to the assertion that the IJ abused his discretion in finding that that combination of facts present here—unlawful entry, unauthorized employment, the unlawful status of Petitioner's family, history of driving without a driver's license, and lack of a sponsor—support the conclusion that Petitioner is a flight risk. The Court is sympathetic to the argument that reliance on a distant unlawful entry and unlawful employment inverts factors that are generally considered to reflect strong and stable ties to the community, *see Uriarte Villa v. Mullin*, No. 5:26-cv-01690-JDE (C.D. Cal. June 2, 2026), but those are not the only factors relied on by the Court, and overall, the Court cannot find any "red flags" suggesting that the IJ abused his discretion in reaching his conclusion. *Martinez*, 124 F.4th at 785.

The Court therefore **denies** the Petition. Judgment dismissing the Petition with prejudice shall be entered accordingly.

DATED: September 28, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE